## THE STATE v. McCLINTOCK.

Where an indictment charges an assault to have been committed with several different weapons, it is not necessary to prove that the defendant used all the weapons described. The indictment will be sustained by proving that one of the instruments was used as alleged.

Where one of two co-defendants is acquitted, it does not necessarily follow that the other should be.

ERROR, *to Henry District Court.*

*David Rorer* and *A. Lotspeich*, for the state.

*Hall* and *Mason*, for defendant.

*Opinion by* HASTINGS, C. J. The defendant was indicted with one Alexander McClintock, sen., as follows: "And the jurors aforesaid do further present, that Alexander McClin-

tock, sen., and Alexander McClintock, jun., on the first day of December, 1846, with force and arms, in the county of Henry aforesaid, then and there being unlawfully, did make an assault upon the person of one Abraham Harris with a pistol, and with a large wooden stick, and with a fence-rail, and with a wooden board, being deadly weapons and instruments, with an intent then and there to inflict upon the person of the said Abraham Harris, then and there being, a bodily injury without any considerable provocation."

The bill of exceptions represent, that while the defendant was on his separate trial, his co-defendant having been tried, the court ruled that the prosecution must prove that the defendant, Alexander McClintock, jun., did use all of the weapons and instruments mentioned in said count, upon the said Harris, at the time mentioned; and that it would be insufficient to sustain said indictment, if only one or two of said named instruments and weapons were proven to have been used by said defendant. It appears from the bill of exceptions that " it was proved upon said trial, by the prosecution, that Alexander McClintock, sen., used the fence-rail, the board, and stick, and that Alexander McClintock, jun., used the pistol." Which ruling of the court is assigned for error, and the trial of the defendant suspended for the decision of this court on the error assigned.

The defendant should have a fair trial on the merits, and, if guilty, be punished. The defendant's attorney contends, that the intent is the essence of the crime with which he is charged, and that the instrument is also an important property in the offense. The defendant seeks to escape, not for the reason that he did not use a deadly weapon, but because he did not use all the weapons. We think it is immaterial whether the defendant used one or all of the instruments described. If he made the assault with the intent, and with one of the instruments described, which is a deadly weapon, he is substantially guilty, as charged in the indictment. See cases cited by the attorney for the state. 1 Phil. Ev. 202, 203, 204; 1 Cowen and Hill's Notes, 495, 497; Russell on Crimes, 786.

The defendant's attorney urges here, that one defendant only appearing to have been tried, we must presume his acquittal; and one being acquitted shall discharge the other. This would be a violent presumption. It has been thought charitable enough to presume a defendant innocent until he is proved guilty; but if the co-defendant has been acquitted, we do not think his acquittal will bar the present prosecution.

In this we are sustained by the authorities. See 2 Russell on Crimes, 791–2.

The decision of the court below will therefore be reversed.